UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ESCO GROUP, INC. *et al.*,

              Plaintiffs,　　　　　　　　　　　Case No. 1:10-cv-1159

v.　　　　　　　　　　　　　　　　　　HON. JANET T. NEFF

MERCANTILE BANK OF MICHIGAN *et al.*,

              Defendants.

_____/


## OPINION

Plaintiffs filed this multi-count action against Defendants Mercantile Bank of Michigan and Mercantile Bank Mortgage Company, LLC, alleging that this Court possesses subject-matter jurisdiction over the federal question presented in Count IV of their Verified Complaint and supplemental jurisdiction over the remaining state-law claims. Now pending before the Court is Defendants' Motion to Dismiss (Dkt 22), to which Plaintiffs filed a response (Dkt 25), and Defendants filed a reply (Dkt 26). Having fully considered the written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the following reasons, the Court concludes that Defendants' motion is properly granted.

## I.  BACKGROUND

These eleven Plaintiffs–Michigan corporations, companies, and their owners–allege that Defendants, motivated by greed, "fraudulently induce[d] Plaintiffs to execute loan documents which increase[d] Mercantile's security interest received from Plaintiffs in an amount in excess of

$1,000,000.00" (Dkt 1, Verified Compl. ¶¶ 20, 21).  Plaintiffs filed their Complaint in this Court on November 23, 2010, alleging the following four counts:

    I.      Promissory Estoppel

    II.     Unlawful Interference with Business Opportunities

    III.    Fraudulent Misrepresentation

    IV.    Violation of Plaintiffs' rights pursuant to the U.S. Conditution [sic]; 28 U.S.C. § 1391(b) and (c) and the Dodd-Frank Wall Street Reform and Consumer Protection Act

Plaintiffs allege that Count IV gives rise to federal question jurisdiction in this Court (*id.* ¶ 4).

At the Pre-Motion Conference on Defendants' proposed dispositive motion, counsel for Plaintiffs withdrew their claims under 28 U.S.C. § 1391(b) and (c) (the federal venue statute) and the Dodd-Frank Wall Street Reform Act, as alleged in Count IV of their Complaint (Order, Dkt 17). The parties subsequently filed their motion papers, agreeing that only one claim in Count IV remains that purports to state a federal question, to wit:  an alleged violation of Plaintiffs' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution (Defs. Mot. Br., Dkt 23 at 1; Pls. Resp. Br., Dkt 25 at 1-2).

## II. ANALYSIS

Defendants move to dismiss Plaintiffs' Count IV under FED. R. CIV. P. 12(b)(6) for failure to state a claim and to dismiss Plaintiffs' state-law claims in Counts I through III under Rule 12(b)(1) for lack of subject-matter jurisdiction.  "Generally speaking, Rule 12(b)(6) permits a defendant to seek relief on the ground that a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not, while Rule 12(b)(1) permits a defendant

to seek relief on the ground that the court has no subject-matter jurisdiction over the dispute." *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

The Due Process Clause of the Fifth Amendment of the United States Constitution provides that "[n]o person shall ... be deprived of life, liberty, or property without due process of law[.]" U.S. Const. amend. V.  The Fourteenth Amendment of the United States Constitution makes the Fifth Amendment applicable to the States.  *See Hibben v. Smith*, 191 U.S. 310, 325 (1903) ("The 14th Amendment ... legitimately operates to extend to the citizens and residents of the states the same protection against arbitrary state legislation affecting life, liberty, and property as is offered by the 5th Amendment....").

As Defendants point out in their Motion to Dismiss, the restrictions in the Fifth Amendment apply only to the federal government, not private actors (Defs. Mot Br., Dkt 23 at 2-3) (citing *Public Utils. Comm'n of Dist. of Col. v. Pollack*, 343 U.S. 451, 461 (1952); *Newsom v. Vanderbilt Univ.*, 653 F.2d 1100, 1113 (6th Cir. 1981)).  Further, as Defendants also point out, a plaintiff may not, absent state action, assert a due process claim under the Fourteenth Amendment (*id.* at 3) (citing *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 880 (6th Cir. 2002); *Newsom*, 653 F.2d at 1113).  Plaintiffs do not dispute either of these rules of law.

Plaintiffs, who complain that Defendants "unlawfully confiscated Plaintiffs' assets without due process," instead contend that Defendants "are private parties involved in government type activities" (Dkt 1, Verified Compl. ¶ 41; Pls. Resp. Br., Dkt 25 at 2).  "[A] private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000).  According to Plaintiffs, this Court must decide whether Defendants' "strong arm tactics constitute a sufficient

government type nexus so as to give this Court jurisdiction" (Pls. Resp. Br., Dkt 25 at 1).

Defendants argue that Plaintiffs' due process allegations fail to state a claim as a matter of law.

Defendants opine that "[a]bsolutely no nexus exists–nor has one been alleged–that would show a

sufficiently close nexus between the alleged action and a governmental body such that the activity

may be fairly treated as governmental activity" (Defs. Mot. Br., Dkt 23 at 4).  Hence, the parties'

disagreement centers on whether Defendants' actions were sufficiently involved with actions of the

state and federal governments such that the due process guarantees of the Fifth and Fourteenth

Amendments apply to their actions.

The fact that a business, such as a banking business, is subject to extensive and detailed

regulation does not alone render its actions governmental for purposes of the Fifth Amendment.

*Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986)

(citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)).  Similarly, "the mere fact that a

business is subject to state regulation does not by itself convert its action into that of the State for

purposes of the Fourteenth Amendment."  *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466

F.3d 399, 411 (6th Cir. 2006) (quoting *Jackson*, 419 U.S. at 350).

"'[T]he inquiry must be whether there is a sufficiently close nexus between the [government]

and the challenged action of the regulated entity so that the action of the latter may be fairly treated

as that of the [government] itself.'"  *Fidelity*, 792 F.2d at 1435 (quoting *Jackson*, 419 U.S. at 351);

*Northrip v. Fed. Nat. Mortg. Ass'n*, 527 F.2d 23, 32 (6th Cir. 1975) (same).  "This nexus may be

established by showing that the government exercised such coercive power or such significant

encouragement that it is responsible for the specific private conduct challenged, or by showing that

4

the private entity has exercised powers that are traditionally the exclusive prerogative of the government." *Id.* (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982)).

Acting according to private contract does not establish a governmental nexus. *See, e.g., In re Shirk*, 437 B.R. 592, 604 (S.D. Ohio 2010) (holding that the borrowers failed to state a due process claim against the bank that acquired their loans, either on account of its own conduct or omissions or the conduct or omissions of its predecessor); *In re Late Fee and Over-Limit Fee Litigation*, 528 F. Supp. 2d 953, 960 (N.D. Cal. 2007) (holding that "[t]he mere fact that federal banking statutes allow the defendant banks and the plaintiffs to enter into private contracts allowing for such fees does not transform the charging of those fees into state action").

In their Verified Complaint, Plaintiffs allege that "Mercantile has used its position as a lending banker to fraudulently induce Plaintiffs to execute loan documents which increase Mercantile's security interest..." (Dkt 1, Verified Compl. ¶ 20); that "Mercantile seeks to force the Plaintiffs to execute further agreements and releases..." (*id.* ¶ 22); and that "Mercantile sold a banking relationship to Plaintiffs" (*id.* ¶ 23). Plaintiffs' allegations do not state a due process claim under the United States Constitution. While Plaintiffs may have rights arising under the provisions of the private security agreements they executed with Defendants, a point Defendants themselves concede (Defs. Mot. Br., Dkt 23 at 4), Plaintiffs have not alleged that the government exercised such coercive power or such significant encouragement that it is responsible for Defendants' actions, nor have Plaintiffs alleged that Defendants' actions constitute the exercise of powers that are traditionally the exclusive prerogative of the government. For these reasons, Plaintiffs' Count IV must be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1249 (6th Cir. 1996).

When all claims vesting original jurisdiction are dismissed under Rule 12(b)(6), "there is a strong presumption in favor of dismissing supplemental claims." *Musson Theatrical, Inc.*, 89 F.3d at 1255. That presumption can only be overcome if the plaintiffs can show "unusual circumstances" that create "some prejudice from relegating the case for trial in state court." *Id.* Plaintiffs' allegations that Defendants have "confiscated" their property do not overcome the presumption in favor of dismissal. The Court declines to exercise supplemental jurisdiction over the state-law claims in Counts I through III and therefore dismisses these counts without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss (Dkt 22). The Court dismisses Plaintiffs' due process claim in Count IV with prejudice and dismisses Plaintiffs' state-law claims in Counts I through III without prejudice. Further, as the Court's decision resolves all pending claims, an Order and corresponding Judgment will be entered consistent with this Opinion. *See* FED. R. CIV. P. 58.

DATED: January 10, 2012                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge